**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 17, 2010

Lyle W. Cayce
Clerk

No. 10-40005
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JUAN DIEGO SANTIAGO, JR.,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:09-CR-641-1

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Juan Diego Santiago, Jr., appeals his jury-trial convictions for conspiring to bring in and transport an illegal alien, within the United States, and transporting an illegal alien, within the United States, for private financial gain. At trial, the district court permitted the Government to offer evidence, pursuant to Federal Rule of Evidence 404(b), of Santiago's prior conviction for aiding and abetting undocumented aliens, as proof of his intent to commit the charged crimes. His prior offense was nearly identical to the crimes of conviction. For

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

all offenses, Santiago transported undocumented aliens in a vehicle *not* registered to Santiago, and explained to Border Patrol Agents that he was unaware of their undocumented status and picked them up at a service station because they needed a ride. Santiago contends: the district court erred in admitting the prior-crime evidence because its probative value was substantially outweighed by the danger of unfair prejudice under Federal Rule of Evidence 403.

Because Santiago made a timely objection to the district court's evidentiary ruling, we review for abuse of discretion. A Rule 404(b) ruling is subject to heightened review, requiring the evidence be strictly relevant to the particular offense charged. *See United States v. Hernandez-Guevara*, 162 F.3d 863, 869 (5th Cir. 1998); *see also United States v. Buchanan*, 70 F.3d 818, 831 (5th Cir. 1995).

Rule 404(b) precludes the admission of "[e]vidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith". FED. R. EVID. 404(b). "It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." *Id*. In assessing the admissibility of evidence under Rule 404(b), we ask whether: (1) the extrinsic-offense evidence is relevant to an issue other than Santiago's character; and (2) the probative value of the evidence is *not* substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *See United States v. Hernandez-Guevara*, 162 F.3d 863, 870 (5th Cir. 1998) (citing *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc)).

Applying this two-step inquiry, the prior-crime evidence was highly relevant to an issue other than Santiago's character; it tended to show he possessed the requisite intent for the crime charged. The only other evidence regarding Santiago's intent to transport illegal aliens was the testimony of the woman he transported, who initially testified Santiago had *no* knowledge of her

undocumented status.  Because of the lack of evidence available to establish Santiago's unlawful intent, and the degree of similarity between the charged and extrinsic offenses, the extrinsic-offense evidence was highly probative of Santiago's intent.  *See United States v. McMahon*, 592 F.2d 871, 875 (5th Cir. 1979).

As to the second prong, the probative value of the extrinsic-offense evidence was *not* substantially outweighed by any unfair prejudice.  The prior offense was not of a heinous nature, and it did not constitute cumulative evidence, confuse the issues, mislead the jury, or cause undue delay.  *See id.* at 876.  Moreover, any danger of unfair prejudice was minimized by the district court's appropriate limiting instruction to the jury.  *See id.*

AFFIRMED.